**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

GEORGE E. PITTINOS,              :

    Plaintiff,                   :

vs.                              :     CA 08-0662-KD-C

PROVIDENT LIFE AND               :
ACCIDENT INSURANCE
COMPANY, et al.,                 :

    Defendants.

**<u>REPORT AND RECOMMENDATION</u>**

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on plaintiff's amended complaint (Doc. 29)[1] and memorandum in support of amended complaint (Doc. 30), the defendants' response to plaintiff's memorandum in support of amended complaint (Doc. 33), the defendants' motion to strike and memorandum of law in support thereof (Doc. 34), and the defendants' notice of filing documents under seal in support of their response to plaintiff's memorandum in support of amended complaint (Doc. 35). Upon consideration

---

[1]  As explained *infra*, consistent with the undersigned's order of September 10, 2009, plaintiff's amended complaint is construed as a proposed amended complaint which he is seeking authorization from this Court to file.

of the foregoing pleadings, with attachments, and all other pertinent pleadings in this case, the Magistrate Judge enters the following report and recommendation.

## FINDINGS OF FACT

1.      On October 2, 2008, Pittinos filed a three-count complaint against Provident, Unum, and Tera Wiggins in the Circuit Court of Mobile County, Alabama. (Doc. 1, Exhibit 1, COMPLAINT)

### FIRST CAUSE OF ACTION

> 5.      The Defendant Provident and Pittinos entered into a contract of insurance being policy number 6-334-592140 providing for the payment by Provident to Pittinos of income in the event of his disability[.]
>
> . . .
>
> 8.      Defendants have breached the contract by failing and refusing to make further payments to Pittinos as required by the terms of the policy to Pittinos' detriment.
>
> 9.      In addition, Pittinos has suffered mental anguish as a result of the Defendants' actions.
>
> WHEREFORE, the premises considered, George E. Pittinos demands judgment against Provident Life and Accident Insurance Company, Unum and Tera Wiggins for breach of contract and for compensatory damages in an amount in excess of the minimal jurisdictional limits of this Court, plus costs.

### SECOND CAUSE OF ACTION

. . .

11.     Provident and Unum claim to have readjusted Pittinos' claim but failed and refused to do a proper investigation, failed, in bad faith, to properly adjust his claim, and as a result thereof terminated the disability income payments due him pursuant to the terms of the above-referenced policy.

12.     Provident's and Unum's actions constitute bad faith as the same is defined under the law of the State of Alabama.

13.     Pittinos has suffered the loss of his disability income and has also suffered mental anguish.

WHEREFORE, the premises considered, George E. Pittinos demands judgment against Provident Life and Accident Insurance Company and Unum for compensatory and punitive damages in an amount in excess of the minimal jurisdictional limits of this Court, plus costs.

## **THIRD CAUSE OF ACTION**

. . .

15.     Defendants negligently breached the contract hereinabove described.

16.     Pittinos suffered damages as hereinabove described.

WHEREFORE, the premises considered, George E. Pittinos demands judgment against Provident Life and Accident Insurance Company, Unum and Tera Wiggins for compensatory and punitive damages in an amount in excess of the minimal jurisdictional limits of this Court, plus costs.

(*Id.*)

      2.      On January 21, 2009, the undersigned entered a report and recommendation that plaintiff's motion to remand be denied and finding, further, that this Court had subject-matter jurisdiction of this action. (Doc. 16)

> This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 over plaintiff's state-law claims by virtue of the complete preemption doctrine. The motion to dismiss filed by defendants Provident Life and Accident Insurance Company and Unum Group (Doc. 2) should be **GRANTED** because plaintiff's state-law claims are also defensively preempted. The Court's dismissal of plaintiff's state-law claims should be without prejudice and plaintiff should be given leave to re-file any and all exhausted ERISA claims he may have against the remaining defendants. Alternatively, the Magistrate Judge recommends that the Court find that the removing defendants have established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs; therefore, this Court may properly exercise diversity jurisdiction.

(*Id.* at 28-29 (footnote omitted; emphasis in original))[2] On February 17, 2009,

---

[2] The parties' January 6, 2009 joint motion for entry of a qualified HIPAA protective order (Doc. 15) was granted by the undersigned by entry of such protective order on January 22, 2009 (Doc. 17).

> The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this Court, to obtain from any medical doctor, health care provider, health plan, mental health care provider, psychiatrist, psychologist, psychotherapist, counselor, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical and mental health condition of George E. Pittinos, as well as any and all documents and information relating to the provision of health care and mental

the Court adopted as its opinion that portion of the report and recommendation containing the ERISA preemption analysis. (Doc. 24)

> Accordingly, the plaintiff's motion to remand is **DENIED**. This court has subject matter jurisdiction under 28 U.S.C. § 1331 over plaintiff's state law claims by virtue of the complete preemption doctrine. The motion to dismiss filed by defendants Provident Life and Accident Insurance Company and Unum Group (doc. 2) is **GRANTED** because plaintiff's state law claims are also defensively preempted. The court's dismissal of plaintiff's state law claims is **without prejudice** and plaintiff is given leave to re-file any and all exhausted ERISA claims he may have against the remaining defendants.

(*Id.* at 1-2 (emphasis in original))

    3.    Almost three weeks prior to the Court's adoption of the undersigned's preemption analysis, that is, on January 27, 2009, the Magistrate

---

health care to such individual, payment for the provision of such health care and mental health care, and any other documents concerning such individual in the possession of the health care or mental health care provider.

This order authorizes any third-party, including, by agreement of the parties to this suit, any medical doctor, health care provider, health plan, mental health care provider, psychiatrist, psychologist, psychotherapist, and counselor, who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the documents and Protected Health Information in response to such request or subpoena, including documents and information otherwise protected by the psychotherapist-patient privilege. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

(*Id.* at 1-2) Thereafter, on January 23, 2009, February 5, 2009, February 1, 2009, and February 13, 2009, the defendants filed notice to opposing counsel of their intent to serve non-party subpoenas. (Docs. 19 & 21-23)

Judge entered a Rule 16(b) scheduling order (Doc. 20), same reading, in relevant part as follows:

> 2.  **DISCOVERY COMPLETION DATE**.  All discovery is to be completed on or before **August 3, 2009.**
>
> . . .
>
> 4.  **AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**.  Motions for leave to amend the pleadings and/or to join other parties must be filed by **May 1, 2009.**

(*Id.* at 1 & 2 (emphasis in original))

    4.    Because the docket sheet reflected no apparent activity by the parties following the Court's adoption of the undersigned's preemption analysis, the Magistrate Judge entered an order on September 1, 2009 explaining to the parties that it appeared that plaintiff had abandoned his action against the remaining defendants; however, the parties were ordered to appear in court on September 10, 2009 if this assessment was incorrect. (Doc. 26 (noting that plaintiff had failed to re-file any exhausted ERISA claims he may have against Provident Life and Accident Insurance Company and Unum Group)) Counsel for the parties appeared before the undersigned on September 10, 2009 and that same day the undersigned endorsed the following order on the docket sheet: "At Mr. Sullivan's request, plaintiff is given until October 1,

2009 to file a brief and proposed amended complaint. It is incumbent upon plaintiff to show that his proposed amended complaint should be authorized even though the time scheduled for filing leave to amend lapsed in May, 2009 without a request for an extension. Furthermore, plaintiff will need to show that the claim contained in the proposed amended complaint is an ERISA claim that has been exhausted. Defendant is afforded 21 days from service of plaintiff's proposed amendment and brief in which to respond." (Doc. 27)

      5.     Instead of filing a proposed amended complaint, plaintiff filed an amended complaint (Doc. 29) and a memorandum in support of amended complaint (Doc. 30). Consistent with the Court's previous order, the amended complaint is construed as a proposed amended complaint which plaintiff is seeking authorization to file.

      6.     In support of his implicit request to be allowed to file an amended complaint, plaintiff contends that the Rule 26(f) report and subsequent Rule 16(b) scheduling order were both directed solely to his state law claims which were subsequently dismissed and, therefore, the time for amending the complaint set out in the scheduling order was rendered inapplicable. (Doc. 30, at 2; *see also id.* ("[O]nce the Court dismissed all of the Plaintiff's state law claims, the parties did not follow through on any of the

discovery set out in their Rule 26 submission and the Court's subsequent order. As such, George Pittinos would submit to this Court that any time limit for amendments set out in the Court's order referred to the state law claims then pending and not to any subsequent amendment as filed herein which is a complete change of relief sought, as well as elimination of an original party.")) In addition, Pittinos contends that "between the dismissal and the amendment, his investigation has shown him, as set out in the amended complaint, that Defendant Unum has, for a period of years, acted in a concerted effort of bad faith benefit denials and abuse of fiduciary duty to act 'solely in the interest of the participants and beneficiaries.'" (*Id.* at 2-3 (footnote omitted)) According to plaintiff, all actions he complains of "were committed within six (6) years prior to the filing of this amended complaint and any knowledge Pittinos obtained as to the actions of the fiduciary occurred within three (3) years of the filing of this amended complaint." (*Id.* at 3) Finally, plaintiff argues that even if the amendment period set out in the Rule 16 order is found to be appropriate, "the Court should consider that this amendment is within all the limitation provisions of ERISA[,]" and, therefore, constitutes a timely new complaint. (*See id.* at 3) As for the issue of exhaustion of ERISA remedies, plaintiff contends that it "was totally futile for him to initiate any administrative

proceedings to resolve Unum's absolute denial of his benefits." (*Id*. at 4)

      7.    The defendants have filed a response (Doc. 33), certain documents under seal in response to plaintiff's memorandum in support of amended complaint (Doc. 35), and a motion to strike the law review article attached to plaintiff's memorandum in support of amended complaint (Doc. 34). The only document of import filed under seal is the April 7, 2008 letter penned by Matthew J. Cartier, Senior Disability Benefits Specialist with Provident Life and Accident Insurance Company, to Pittinos. (Doc. 35, Exhibit A) This letter reads, in relevant part, as follows:

> Based on all of the information in your file and following the October 1, 2007 IME, it appears that there is no physical or mental condition that is preventing or limiting you from working in your occupation as a diagnostic radiologist. Therefore, we have determined that you do not currently satisfy your policy's definitions of Total Disability or Residual Disability, and benefits are no longer payable under your claim at this time. Total Disability benefits have been provided up to March 13, 2008.
>
> In addition, as you have attained your 65th birthday and you are no longer regularly and actively employed, your policy has terminated.
>
> If you have additional information to support your request for disability benefits, please send it to my attention for further review at the address noted on this letterhead.
>
> However, if you disagree with our determination and intend to appeal this claim decision, you must submit a written appeal.

> This appeal must be received by us within 180 days of the date of this letter. Your written appeal should include your comments and views of the issues, as well as any new documentation you wish us to consider. You should submit your written appeal to the following address:
>
> Worcester Benefits Center
> Appeals Unit
> P.O. Box 15112
> Worcester, MA 01615
>
> If we do not receive your written appeal within 180 days of the date of this letter, our claim decision will be final.

(*Id*. at 6-7)

## **CONCLUSIONS OF LAW**

1.     "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see also Veldekens v. GE HFS Holdings, Inc.,* 2008 WL 190442, *2 (S.D. Tex. 2008) ("The circuit courts considering the issue have held that the Rule 16(b) 'good cause' standard, rather than the 'freely given' standard of Rule 15(a), governs a motion to amend the pleadings filed after the deadlines set in the scheduling order."). In fact, it has long been the law in the Eleventh Circuit that "where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause

why leave to amend the complaint should be granted." *Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1366 (11th Cir. 2007) (citations omitted), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2513, 171 L.Ed.2d 788 (2008); *see also Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). The reason for this was explained by the *Sosa* court: "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id*. Thus, "[t]he Rule 16 hurdle must be surmounted antecedent to any Rule 15 analysis." *Smith v. West Facilities Corp*., 2006 WL 898134, *2 (S.D. Ala. 2006)(citations omitted); *see also S & W Enterprises, supra*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").[3]

  2. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." In interpreting this good

---

[3] Rule 16(b)(3)(A) provides that "[t]he scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."

cause standard, the Eleventh Circuit has explained that it "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa, supra*, 133 F.3d at 1418 (citations omitted). Thus, the focus of the Rule 16(b) inquiry is whether Pittinos exercised diligence in attempting to comply with the scheduling order deadline for amending the pleadings and adding parties. *See, e.g., Nobles v. Rural Community Ins. Services*, 303 F.Supp.2d 1279, 1284 (M.D. Ala. 2004) ("The court's focus in evaluating a motion to amend under Rule 16 is on [the movant]'s diligence; that is, the court may grant the late-filed motion if the pretrial schedule could not reasonably have been met despite [the movant]'s diligence."). If the moving party was not so diligent then "the court's inquiry should end." *Id.*

      3.     In this case, Pittinos essentially argues that the Rule 16 standard has no application in this case because the Rule 26(f) report filed by the parties on January 5, 2009 and subsequent Rule 16(b) scheduling order, entered January 27, 2009, were both directed solely to plaintiff's state law claims and since those claims were subsequently dismissed, the time for amending the complaint set out in the Rule 16(b) scheduling order was rendered inapplicable. The undersigned disagrees with plaintiff on the scope of the Rule

16(b) scheduling order since the report and recommendation penned by the undersigned, same containing the determination that plaintiff's state law claims were due to be dismissed because they were defensively preempted and that plaintiff should be allowed to amend his complaint to state any exhausted ERISA claims, was entered on the docket some six days prior to entry of the Rule 16(b) scheduling order. (*Compare* Doc. 16 (report and recommendation entered January 21, 2009) *with* Doc. 20 (scheduling order entered January 27, 2009)) Therefore, separate and apart from the parties' identification of the issues subject to discovery which the Magistrate Judge accepted (*compare* Doc. 14, at ¶ 4 *with* Doc. 20, at ¶ 1),[4] the Rule 16(b) requirement that motions for leave to amend the pleadings be filed by May 1, 2009 (Doc. 20, at ¶ 4) put plaintiff on notice that he need amend his complaint and assert all exhausted ERISA claims not later than May 1, 2009. Accordingly, when United States District Judge Kristi K. DuBose granted plaintiff "leave to re-file any and all

---

[4] Of course, the primary issue subject to discovery in this case, whether Provident and Unum breached the contract at issue when it terminated plaintiff's disability benefits, has at all times remained constant. In other words, the only thing that changed with respect to this claim upon plaintiff's state law claims being dismissed was the requirement that plaintiff shroud same in "exhausted" ERISA language. That plaintiff was in a position to do this prior to May 1, 2009 can hardly be gainsaid. (*See* Doc. 30, at 4 ("Due to his relationship and correspondence with Unum, it was totally futile for him to initiate any administrative proceedings to resolve Unum's absolute denial of his benefits.")). Accordingly, the undersigned recommends that the Court find, for this additional reason, that plaintiff cannot be heard to argue that the time limit for amendments set out in the Rule 16(b) scheduling order had no application.

exhausted ERISA claims" against Provident Life and Unum Group Pittinos knew, or should have known, with the exercise of due diligence, that he had until May 1, 2009 to file his amended complaint.

4.      Plaintiff has proffered no evidence showing that he was reasonably diligent in seeking to amend his complaint.  The "evidence" Pittinos points to as establishing that defendant Unum has for years denied disability benefits in bad faith convinces the undersigned of nothing other than that plaintiff long ago, certainly well before May 1, 2009, could have filed the amended complaint he seeks now to file.[5] *See Southern Grouts & Mortars, Inc. v. 3M Co.,* 575 F.3d 1235, 1241 n.3 (11th Cir. 2009) ("The lack of diligence that precludes a finding of good cause is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes. That lack of diligence can include a plaintiff's

---

[5]     *Aluisi v. Elliott Mfg. Co., Inc. Plan*, 2009 WL 565544 (E.D. Cal. 2009) was decided on March 5, 2009, *Merrick v. Paul Revene Life Ins. Co.*, 594 F.Supp.2d 1168 (D. Nev. 2008) was decided on November 17, 2008, and John H. Langbein's essay in the Northwestern University Law Review, "TRUST LAW AS REGULATORY LAW: THE UNUM/PROVIDENT SCANDAL AND JUDICIAL REVIEW OF BENEFIT DENIALS UNDER ERISA" was published in 2007. (*See* Doc. 30, at 3 & 4)

The defendants' motion to strike Langbein's law review article (Doc. 34) is **DENIED AS UNNECESSARY** given the undersigned's analysis of how the article bears on the issue before the Court. In addition, the undersigned would simply echo the defendants' position that this article is irrelevant to the issue of whether it would have been futile for Pittinos to exhaust his administrative remedies.

failure to seek the information it needs to determine whether an amendment is in order."). In other words, plaintiff has not advanced any reason why the claims presented in the proposed amended complaint could not have been brought in a timely fashion.[6] Accordingly, the undersigned finds that Pittinos' failure to establish his due diligence ends the inquiry and necessitates this Court's denial of his proposed amended complaint as untimely under the pretrial scheduling order. To the extent plaintiff takes the position that he can timely state an exhausted ERISA claim against Provident and Unum, he is invited to file a new complaint in this Court against these defendants.

## **CONCLUSION**

Because plaintiff's request to be allowed to file a proposed amended complaint (Doc. 29) is untimely under the pretrial scheduling order, it should be **DENIED**. It is so recommended.[7]

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[6] The claims in the proposed amended complaint are based on exactly the same facts as the prior complaint.

[7] If this recommendation is adopted, this action is due to be **CLOSED** since there remains nothing of this case that need be decided by the Court.

    **DONE** this the 29th day of October, 2009.

        <u>  s/WILLIAM E. CASSADY                </u>
        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.